1  MCGREGOR W. SCOTT
   United States Attorney
2  THOMAS M. NEWMAN
   Assistant United States Attorneys
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00276-NONE-SKO |
|---|---|
| Plaintiff, | STIPULATION AND ORDER TO CONTINUE |
| v. | |
| JEROME ROBERSON, | |
| Defendant. | |

This case is set for a hearing on June 29, 2020, which the parties stipulate to continue to July 16, 2020, for a change of plea hearing before the district court judge.  On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.  This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

STIPULATION                          1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and defendant, JEROME ROBERSON, by and through his counsel, stipulate to continue the hearing in this matter, which is currently set for June 29, 2020, until July 16, 2020, for a change- of-plea hearing.  In support thereof, the parties stipulate that:

1. The Defendant, JEROME ROBERSON, is currently detained after being charged with

violations of 18 U.S.C. § 1952(a) – use of a communication facility to promote prostitution; and 18 U.S.C. § 1519 – obstruction of justice.  The government provided discovery and supplemental discovery.  The defendant is continuing to review the discovery and needs time to do so.

2. The government also provided a proposed plea agreement that resolves the case.  The parties are prepared to enter that agreement.  Consequently, the parties stipulate to continue this matter until July 16, 2020, for a change of plea hearing.

3. The parties stipulate that the period of time from June 29, 2020, through July 16, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  June 22, 2020                                  MCGREGOR W. SCOTT
                                                                           United States Attorney

                                                                    By:   /s/ THOMAS NEWMAN
                                                                           THOMAS NEWMAN
                                                                           Assistant United States Attorney

Dated: June 22, 2020                                          /s/ MARK BROUGHTON
                                                                           Attorney for Defendant
                                                                           JEROME ROBERSON

STIPULATION                                                 3

**O R D E R**

IT IS ORDERED that the hearing set for June 29, 2020, at 1 p.m. is continued until July 16, 2020, for a change of plea.

IT IS FURTHER ORDERED THAT the period of time from June 29, 2020, through July 16, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 23, 2020**                        /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE